IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LEAH E. BROADBENT,                                    2:12-cv-00770-MA

        Plaintiff,                              OPINION AND ORDER

  v.

COMMISSIONER SOCIAL SECURITY
ADMINISTRATION,

        Defendant.

JEFFREY HUGH BAIRD
Dellert Baird Law Office, PLLP
4346 Southwest Willow Street
Seattle, Washington 98136

    Attorney for Plaintiff

S. AMANDA MARSHALL
United States Attorney
ADRIAN L. BROWN
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, Oregon 97204-2902

CHRISTOPHER J. BRACKETT
Special Assistant United States Attorney
Office of the General Counsel
Social Security Administration
701 Fifth Avenue, Suite 2900, M/S 221A
Seattle, Washington 98104-7075

    Attorneys for Defendant

1 - OPINION AND ORDER

MARSH, Judge

Plaintiff, Leah E. Broadbent, brings this action for judicial review of a final decision of the Commissioner of Social Security (the Commissioner) denying her application for disability insurance benefits (DIB) under Title II of the Social Security Act (the Act) and supplemental security income (SSI) disability benefits under Title XVI of the Act. See 42 U.S.C. §§ 401-434, 1381-1383f. This court has jurisdiction pursuant to 42 U.S.C. § 405(g). For the reasons set forth below, I reverse the final decision of the Commissioner, and remand for further proceedings consistent with this opinion.

## PROCEDURAL BACKGROUND

Plaintiff protectively filed applications for DIB and SSI on June 17, 2008, alleging disability due to fibromyalgia, "maybe Asperger's," migraines, three tumors in her right breast, plantar fasciitis, and depression. Tr. 170. Her applications were denied initially and upon reconsideration. A hearing was held before an Administrative Law Judge (ALJ) on October 8, 2010, at which plaintiff was represented by counsel and testified. Vocational Expert (VE) Nancy Bloom was also present throughout the hearing and testified.

On October 25, 2010, the ALJ issued a decision finding plaintiff not disabled within the meaning of the Act. After the

2 - OPINION AND ORDER

Appeals Council declined review of the ALJ's decision, plaintiff timely filed a complaint in this court.

## FACTUAL BACKGROUND

Born on June 1, 1968, plaintiff was 39 years old on the alleged onset date of disability and 42 years old on the date of the hearing. Plaintiff has a high school diploma with one year of college, and has past relevant work as an administrative assistant, medication aide, and office worker. Tr. 57, 175.

Plaintiff alleges her disabilities became disabling on September 30, 2007. In addition to the hearing testimony, plaintiff submitted an Adult Function Report. Tr. 200-08. As relevant to this case, Richard Wernick, M.D., evaluated plaintiff in November of 2008 at the request of plaintiff's primary care provider, and wrote an additional opinion on December 9, 2010 that was submitted to the Appeals Council. Tr. 287-91, 408-11. Susan Peeples, FNP, submitted a form regarding plaintiff's fibromyalgia on May 18, 2010, and a second similar form to the Appeals Council on February 14, 2011. Tr. 358-62, 403-07.

## THE ALJ'S DISABILITY ANALYSIS

The Commissioner has established a five-step sequential process for determining whether a person is disabled. Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987); 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v). Each step is potentially dispositive. The claimant bears the burden of proof at

Steps One through Four. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999). The burden shifts to the Commissioner at Step Five to show that a significant number of jobs exist in the national economy that the claimant can perform. See Yuckert, 482 U.S. at 141-42; Tackett, 180 F.3d at 1098.

At Step One, the ALJ determined that plaintiff has not engaged in substantial gainful activity since the alleged onset date, September 30, 2007. See 20 C.F.R. §§ 404.1571 et seq., 416.971 et seq.; Tr. 16.

At Step Two, the ALJ determined that plaintiff's fibromyalgia, depression, and obesity are severe impairments. See 20 C.F.R. §§ 404.1520(c), 416.920(c); Tr. 16-17.

At Step Three, the ALJ determined that plaintiff does not have an impairment or combination of impairments that meet or medically equal any listed impairment. See 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, 416.926; Tr. 17-19.

The ALJ found that plaintiff has the residual functional capacity (RFC) to perform light work, except that plaintiff can lift 10 pounds frequently, and 20 pounds occasionally; is limited to frequent reaching above shoulder height; can sit for six hours and stand and walk for three hours in an eight hour workday; must be able to sit or stand at will; and is limited to no contact with the public. Tr. 19-23.

At Step Four, the ALJ found that plaintiff is unable to perform any past relevant work. See 20 C.F.R. §§ 404.1565, 416.965; Tr. 23.

At Step Five, however, the ALJ found that jobs exist in significant numbers in the national economy that plaintiff can perform, including Small Products Assembler, Electronics Worker, and Price Marker. See 20 C.F.R. §§ 404.1569, 404.1569(a), 416.969, 416.969(a); Tr. 663-64.

Accordingly, the ALJ found that plaintiff was not disabled within the meaning of the Act.

## ISSUES ON REVIEW

Plaintiff raises only one assignment of error on appeal. Plaintiff argues that the Commissioner erroneously failed to discuss the second opinions of Dr. Wernick and Ms. Peeples submitted to the Appeals Council. Accordingly, plaintiff argues remand is necessary.

## STANDARD OF REVIEW

The court must affirm the Commissioner's decision if the Commissioner applied proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995). "Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. The

court must weigh all of the evidence, whether it supports or detracts from the Commissioner's decision. Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986). If the evidence is susceptible to more than one rational interpretation, the Commissioner's decision must be upheld. Andrews, 53 F.3d at 1039-40. If the evidence supports the Commissioner's conclusion, the Commissioner must be affirmed; "the court may not substitute its judgment for that of the Commissioner." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001).

## DISCUSSION

### I. Evidence Submitted to Appeals Council

When new evidence is submitted to and considered by the Appeals Council, the administrative record before this court includes the new evidence. Brewes v. Comm'r Soc. Sec. Admin, 682 F.3d 1157, 1162 (9th Cir. 2012). If the Appeals Council nonetheless declines review, the ALJ's decision becomes the final decision of the Commissioner. Id. at 1161-62. Taking the entire record into account, including the evidence submitted to the Appeals Council, the court must determine if the ALJ's decision is still supported by substantial evidence. See id. at 1164.

After the ALJ issued his decision, plaintiff submitted additional evidence to the Appeals Council, including chart notes from the Center for Human Development, a second opinion from Ms. Peeples, and an additional chart note from Dr. Wernick

6 - OPINION AND ORDER

"reconfirm[ing]" plaintiff's fibromyalgia diagnosis. The Appeals Council considered the new evidence, but nonetheless denied review. Tr. 1-5. Plaintiff argues that the ALJ's opinion is not supported by substantial evidence because it failed to account for the opinions from Dr. Wernick and Ms. Peeples submitted to the Appeals Council.

### A.  Dr. Wernick

In the November 19, 2008 evaluation, Dr. Wernick diagnosed plaintiff with fibromyalgia. Tr. 287-88. Dr. Wernick noted that plaintiff had previously been found by another medical provider to have 16 of 18 tender points, and that plaintiff "read about fibromyalgia and self-diagnosed that in herself." Tr. 287. Dr. Wernick noted that plaintiff had diffuse pain that was worse with weather change, and caused stiffness in the mornings and soreness in the evenings. Id. Dr. Wernick noted that plaintiff reported "'[j]ust about everything' is impacted regarding activities of daily living" due to pain and fatigue, but that plaintiff walks between one-half mile and one mile per day because she does not have a car. Id. Dr. Wernick concluded that plaintiff is "not able to do her past highly physical work," but that plaintiff "would like to be retrained to do something else." Tr. 288.

On December 9, 2010, approximately six weeks after the ALJ issued his decision, plaintiff presented to Dr. Wernick to "back up" Ms. Peeples's opinion for plaintiff's disability case. Tr.

7 - OPINION AND ORDER

408. Plaintiff reported that her pain had worsened over the past year, and said she had a "scare" with rheumatoid arthritis, but that her hand pain had resolved and her rheumatoid factor was "not concerning." Id. Plaintiff reported several tender points, that her pain worsened with cold, and that the pain and fatigue caused "difficulty with most activities of daily living." Id. On the basis of this examination, Dr. Wernick "reconfirm[ed] the diagnosis of [f]ibromyalgia," and stated that plaintiff was "having obvious pain and reports significant fatigue." Tr. 410. Dr. Wernick opined that plaintiff did not have malingering tendencies, and, "per the patient," she is unable to work due to pain. Tr. 411.

I conclude that this second opinion by Dr. Wernick does not render the ALJ's decision unsupported by substantial evidence because it is materially duplicative of his first opinion. While there were some different symptoms reported by plaintiff, Dr. Wernick's opinion was largely the same. Dr. Wernick's explicit opinion in December of 2010 that plaintiff was not a malingerer and was in pain were implicit in his earlier opinion, as a finding of malingering or disbelief that plaintiff suffered pain would have precluded the diagnosis of fibromyalgia and recommended treatment at that time. Dr. Wernick's statement that he "does not doubt [plaintiff's] pain and fatigue hinder her daily life," similarly does not establish any functional limitations that were not already considered in the RFC. Otherwise, Dr. Wernick merely

8 - OPINION AND ORDER

"reconfirm[ed]" plaintiff's fibromyalgia diagnosis, which, as plaintiff does not challenge, the ALJ sufficiently accounted for by listing fibromyalgia as a severe impairment and limiting plaintiff to light work. Dr. Wernick's 2010 opinion, then, was materially duplicative of his 2008 opinion, and does not necessitate reversal under <u>Brewes</u>.

### B.   Ms. Peeples

The record also contains two opinions from Ms. Peeples, a Family Nurse Practitioner who was one of plaintiff's primary care providers. Because Ms. Peeples is a Nurse Practitioner, she is not an acceptable medical source, and is considered an "other source." 20 C.F.R. §§ 404.1513(d)(1), 416.913(d)(1). The ALJ must cite germane reasons for discrediting the testimony of "other sources," such as Ms. Peeples. <u>See</u> <u>Turner v. Comm'r Soc. Sec. Admin.</u>, 613 F.3d 1217 (9th Cir. 2010).

In a May 18, 2010 opinion, Ms. Peeples stated that plaintiff met the American College of Rheumatology's criteria for fibromyalgia, but opined that her prognosis was good. Tr. 358. Ms. Peeples reported that plaintiff experienced pain bilaterally in her lumbrosacral, cervical, and thoracic spine, hips, and lower legs. Tr. 359. Ms. Peeples reported that the pain was variable, can be precipitated by changing weather, stress, fatigue, hormonal changes, movement and overuse, static position, and cold, and would frequently interfere with plaintiff's ability to concentrate on

9 - OPINION AND ORDER

work tasks. Tr. 359. While Ms. Peeples opined that plaintiff could only walk one block without severe pain or needing rest, she also stated that during a workday plaintiff would need to walk for 15 minutes after every 20 minutes of work. Tr. 360. Ms. Peeples stated that plaintiff could only sit or stand for 15 minutes at a time, and would need to take a 30 to 60 minute break every two hours. Id. Ms. Peeples reported that plaintiff could lift or carry less than ten pounds frequently, and 10 pounds occasionally, but could never lift more. Tr. 361. As to plaintiff's use of hands and arms, Ms. Peeples noted that plaintiff could turn or grasp with her hands 100% of the time, engage in fine finger manipulation 90% of the time, but could never reach overhead. Id. Ms. Peeples opined that plaintiff would miss more than four days of work per month as a result of her impairments. Id.

In her February 14, 2011 opinion, Ms. Peeples reported that plaintiff suffered from "several chronic illnesses with some medication relief, but will be plagued with the effects . . . for a lifetime." Tr. 403. Ms. Peeples noted that plaintiff's pain remained in largely the same areas as in 2010, although additionally included shoulders, hands, and fingers. Tr. 404. Ms. Peeples reported that plaintiff could walk for 5 blocks without rest, but could only sit for 15 minutes and stand for 20 minutes at a time. Tr. 405. Ms. Peeples stated that plaintiff could sit, stand, and walk for less than two hours each in an eight-hour

10 - OPINION AND ORDER

workday.  <u>Id.</u>  During the workday, Ms. Peeples reported that plaintiff would have to walk around for three minutes after every 20 minutes of work, required a job that permits shifting positions at will, and would need to take unscheduled breaks every 20-30 minutes.  Tr. 406.  Most notably, however, Ms. Peeples reported that plaintiff had significant limitations doing repetitive reaching, handling, or fingering, opining that plaintiff could grasp and turn with her hands, and engage in fine finger manipulation 10% of the time.  Tr. 407.  Ms. Peeples concluded that plaintiff would miss work more than three times per month.  Tr. 407.

Plaintiff does not challenge the rejection of Ms. Peeples's first opinion, but rather argues that Ms. Peeples's second opinion, submitted to the Appeals Council, renders the Commissioner's final decision unsupported by substantial evidence.  I agree.

The handling limitations described in Ms. Peeples's second opinion were not accounted for in the RFC.  I cannot conclude that the reasons cited by the ALJ for rejecting Ms. Peeples's first opinion also apply to the second.  Specifically, I cannot confidently find that plaintiff's stated activities of daily living, including occasional household chores and shopping, are inconsistent with Ms. Peeples's report of handling limitations.  In addition, the mere fact that Ms. Peeples is not an acceptable medical source is not an independent reason to discredit her

11 - OPINION AND ORDER

opinion, but rather only changes the standard by which the court reviews the reasons cited for discrediting her testimony. Accordingly, the Commissioner's failure to comment on Ms. Peeples's second opinion was harmful error that necessitates a remand.[1]

## II. Remand

I remand to the Commissioner for the limited purpose of consideration of Ms. Peeples's second opinion. On remand, the ALJ shall consider Ms. Peeples's second opinion, including the handling limitations, and issue a new decision. The ALJ shall consider what impact, if any, Ms. Peeples's opinion has on the remaining steps of the sequential evaluation. If the ALJ chooses to discredit Ms. Peeples's opinion, he must provide legally sufficient reasons for doing so. The ALJ need not reconsider other aspects of the record or his prior decision to the extent they are unaffected by the consideration of Ms. Peeples's second opinion.

///

///

///

///

///

///

---

[1] It is most unfortunate that the ALJ did not have the benefit of Ms. Peeples's second opinion. This remand was not caused by any error on the ALJ's part, but rather is mandated by the Commissioner's regulations and attendant case law.

12 - OPINION AND ORDER

## CONCLUSION

Based on the foregoing, the Commissioner's decision is REVERSED, and this case is REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this opinion.

IT IS SO ORDERED.

DATED this 7 day of May, 2013.

*Malcolm F. Marsh*
Malcolm F. Marsh
United States District Judge

13 - OPINION AND ORDER