IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LEAH E. BROADBENT,                                    2:12-cv-00770-MA

          Plaintiff,                              ORDER ON EAJA
v.                                                    ATTORNEY'S FEES

COMMISSIONER SOCIAL SECURITY
ADMINISTRATION,

          Defendant.

MARSH, Judge

In this proceeding, plaintiff seeks an award of attorney's fees in the amount of $4,841.46 under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(1)(A). Because I find that the position of the Commissioner was not substantially justified, plaintiff's application for fees is granted.

## BACKGROUND

Plaintiff protectively filed applications for DIB and SSI on June 17, 2008, alleging disability due to fibromyalgia, "maybe Asperger's," migraines, three tumors in her right breast, plantar fasciitis, and depression. Tr. 170. Her applications were denied initially and upon reconsideration. On October 25, 2010, the ALJ

1 - ORDER ON EAJA ATTORNEY'S FEES

issued a decision finding plaintiff not disabled within the meaning of the Act. After the Appeals Council declined review of the ALJ's decision, plaintiff timely filed a complaint in this court.

Plaintiff argued that the Commissioner failed to consider two medical opinions submitted to the Appeals Council after the ALJ issued his decision. I concluded that the opinion from Richard Wernick, M.D., submitted to the Appeals Council did not deprive the ALJ's decision of substantial evidence because it was materially duplicative of a prior opinion from Dr. Wernick that the ALJ considered. With respect to a second opinion from Susan Peeples, FNP, however, I concluded that her opinion submitted to the Appeals Council contained additional functional limitations that required consideration by the ALJ. Thus, pursuant to <u>Brewes v. Comm'r Soc. Sec. Admin</u>, 682 F.3d 1157, 1162 (9th Cir. 2012), I remanded to the Commissioner for consideration of Ms. Peelpes's second opinion.

Plaintiff, as the prevailing party, subsequently filed the present application (#28) for attorney's fees under the EAJA. The Commissioner opposes the award of fees, arguing solely that her position was substantially justified, and therefore, plaintiff is not entitled to fees under the EAJA.

## DISCUSSION

### I. Substantial Justification

Under the EAJA, a prevailing party is entitled to recover attorney's fees "unless the court finds that the position of the

2 - ORDER ON EAJA ATTORNEY'S FEES

United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). "The test for whether the government is substantially justified is one of reasonableness." Gonzales v. Free Speech Coalition, 408 F.3d 613, 618 (9th Cir. 2005) (internal quotation omitted). The Government's position need not be justified to a high degree, but to a degree that could satisfy a reasonable person. Pierce v. Underwood, 487 U.S. 552, 563-66 (1988); Bay Area Peace Navy v. United States, 914 F.2d 1224, 1230 (9th Cir. 1990).

A position is substantially justified if it has a reasonable basis in law and fact. Pierce, 487 U.S. at 565; Hardisty v. Astrue, 592 F.3d 1072, 1079 (9th Cir. 2010), cert. denied, ___ U.S. ___, 131 S.Ct. 2443 (2011). The question is not whether the government's position as to the merits of plaintiff's disability claim was "substantially justified." Shafer v. Astrue, 518 F.3d 1067, 1071 (9th Cir. 2008). Rather, the relevant question is whether the Commissioner's decision to defend the procedural errors on appeal was substantially justified. Id. The government bears the burden of demonstrating substantial justification. Kali v. Bowen, 854 F.2d 329, 332 (9th Cir. 1988).

The Commissioner's position that the ALJ's decision was still supported by substantial evidence in light of Ms. Peeples's second opinion was not substantially justified. The Commissioner's regulations are clear that evidence submitted to and considered by

3 - ORDER ON EAJA ATTORNEY'S FEES

the Appeals Council is part of the record that must provide substantial evidence to support the ALJ's decision. Brewes, 682 F.3d at 1162 (citing 20 C.F.R. § 404.970(b)). The additional limitations in Ms. Peeples's second opinion were clear on the face of the record, and were not considered in the ALJ's decision. Moreover, the reasons cited by the ALJ for rejecting Ms. Peeples's first opinion were not sufficiently germane to discredit her second opinion. Thus, the Commissioner's duty to consider Ms. Peeples's second opinion was clear on the face of the Commissioner's own regulations, and the failure to do so was clear on the face of the record. The Commissioner's position was not substantially justified.

## II. EAJA Award

An award of attorney's fees under the EAJA must be reasonable. 28 U.S.C. § 2412(d)(2)(A). The court has an independent duty to review the fee request to determine its reasonableness. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983); Moreno v. City of Sacramento, 534 F.3d 1106, 1111 (9th Cir. 2008). The starting point for a reasonable fee is the number of hours expended multiplied by a reasonable hourly rate. Hensley, 461 U.S. at 433; Atkins v. Apfel, 154 F.3d 986, 988 (9th Cir. 1998). The fee applicant bears the burden of documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours worked. Gates v. Deukmejian, 987 F.2d 1392, 1397 (9th Cir. 1992).

Where documentation is inadequate, the court may reduce the requested award. Hensley, 461 U.S. at 433-34.

The Commissioner does not dispute plaintiff's counsel's hours worked and hourly rate, and I find them reasonable. Accordingly, plaintiff is awarded $4,841.46.

### CONCLUSION

For the reasons stated above, plaintiff's Application for Fees Pursuant to EAJA (#28), is GRANTED. Plaintiff is awarded $4,841.46 under the EAJA, subject to any offsets allowed under the Treasury Offset Program as discussed in Astrue v. Ratliff, 560 U.S. 586 (2010). If there are no such offsets, the check shall be made out to plaintiff's attorney and mailed to plaintiff's attorney's office.

IT IS SO ORDERED.

DATED this  11  day of September, 2013.

*Malcolm F. Marsh*
Malcolm F. Marsh
United States District Judge